McKinney, J.,
delivered the opinion of the court.
This case is upon a question arising upon the statute of limitations. The error relied upon is in the charge of the court.
We think there is no just ground of exception to the instruction, supposed to be erroneous. The ques *157 tion is not properly raised by tbe proof in this record, as to what would be the legal effect of cm offer to redeem, made by the judgment debtor (suffered to remain in possession) to the purchaser, after an adverse possession by the former, of more than seven years from the date of the sheriff’s sale. The proof does not sufficiently establish the fact of such an offer to redeem. But even if it did, it is clear, that after a possessory right has been acquired and perfected by operation of the second section of the act of 1819, the mere offer to redeem, or rather to purchase in the outstanding legal title, (for this would be more properly the nature and effect,) could not be considered as sufficient to destroy the possessory right, which had previously ripened into a fixed legal right.
If there be error in the charge it is in a part not complained of, and is this: The Court, after instructing the jury that the relation between the judgment debtor, (suffered to remain in possession after a sale of his land by the sheriff,) and the purchaser at such sale, ,was not the relation of 'landlord and tenant, in the technical sense of the term, proceeded to state, that the “inquiry in such case is, did the execution debtor continue to hold the land as before, in opposition to the purchaser? If so, a holding for seven years protects him in his possession of the same land which was pronounced to be his when sold by judgment and execution against him.”
This instruction probably led the jury to the conclusion that the defendant was protected by the second section of the statute, not merely to the extent of his actual enclosures, but to the entire extent of the boun *158 daries of tbe title under wbicb he held the land prior to the execution sale, and induced them to find, as they did, a general verdict for the defendant. This was clearly wrong. By the execution sale the defendant was divested of all title to the land sold. His possession after this sale, was that of a tenant by sufferance, without color of title; and consequently his possession was protected only to the extent of his actual enclosures; that is, his enclosures as they existed for the period of seven years before the commencement of the present action.
Note. — It will be seen by reference to 2 Swan, 138, that this case has heretofore been before this court, and was adjudicated upon the question of the statute of limitations as a defense to the action. — Rep.
The judgment will be reversed, and the case be remanded for a new trial.